IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CAROLYN STROMAS,
    Plaintiff,

vs.                                      Case No.: 3:10cv381/LAC/EMT

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the court upon Plaintiff's Motion for Attorney Fees and Costs Under the Equal Access to Justice Act" ("EAJA") (doc. 14) and a response thereto filed by Defendant Michael J. Astrue (hereafter, "the Commissioner") (doc. 15). Plaintiff seeks an award of EAJA fees ($3,425.10) and expenses ($15.00[1]), as well as filing fee costs ($350.00), payable to Nick Anthony Ortiz, her attorney (hereinafter "Petitioner") (doc. 14 at 1 at 1, 3). The Commissioner has no objection to the amounts sought by Petitioner but states that the award is properly payable to Plaintiff, not Petitioner, and notes that the filing fee costs should be distributed from the Judgment Fund administered by the United States Treasury (*see* doc. 15).

●    Eligibility for Award of Fees

        The EAJA, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within thirty days of the final judgment in the action; 3) the position of the government is not substantially justified; and 4) no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A), (B).

---

[1] In the body of Plaintiff's motion she states that the total amount of expenses is $15.00, but in an attachment to the motion she states the amount is $15.60 (*see* doc. 14 at 1 & attach. 4 ("Affidavit of Plaintiff's Attorney's Costs Incurred")). The undersigned will use the lower amount.

In Shalala v. Schaefer, 509 U.S. 292, 113 S. Ct. 2625, 124 L. Ed. 2d 239 (1993), the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party" and as such was entitled to attorney fees and expenses under the EAJA. Here, upon the Commissioner's motion, the court reversed the decision of the Commissioner and remanded the case pursuant to sentence four of § 405(g) (*see* Docs. 10, 11, 12). Moreover, the instant motion for EAJA fees was timely filed, the Commissioner's position was not substantially justified (as evidenced by the grounds asserted in Commissioner's motion to remand (*see* doc. 10)), and the Commissioner agrees that fees should be paid in this case. Accordingly, an award of fees is appropriate.

- Amount of Fees

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Plaintiff seeks an award based upon an hourly rate of $147.00, which—the undersigned concludes—is a reasonable rate. *See, e.g.,* Facine v. Barnhart, Case No. 5:02cv26/MD (N.D. Fla. 2004) (finding compensation at the rate of $145.00 per hour reasonable for work performed in 2001 through 2004); Godwin v. Barnhart, Case No. 3:04cv298/RV/EMT (N.D. Fla. 2006) (finding compensation at the rate of $147.63 per hour reasonable, based upon a change in the Consumer Price Index, for work performed in 2004 through 2005). The undersigned also concludes that the hours expended by Petitioner on Plaintiff's behalf (i.e., 23.3) are reasonable. Accordingly, a fee award in the amount of $3,425.10 ($147.00 x 23.3), as agreed upon by the parties, is appropriate, in addition to the claimed expenses ($15.00) and costs ($350.00).

- Whether the Award is Payable to Plaintiff or his Counsel

The remaining question concerns to whom the EAJA award is payable. In Astrue v. Ratliff, 130 S. Ct. 2521 (2010), the Supreme Court resolved a split among certain Circuit Courts of Appeal and held that an award of "fees and other expenses" to a "prevailing party" under § 2412(d) is payable to the litigant, not to the litigant's attorney. *See also* Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008) (same). The Court further held that because the EAJA award was "payable to the litigant," the government could offset a claimant's qualifying debt (to the United States) against that

award. Ratliff, 130 S. Ct. at 2528–29.[2] Thus, the Commissioner contends here that the award is properly payable to Plaintiff, despite Plaintiff's assignment of the fee to Petitioner (doc. 15 at 2 (citing Ratliff, 130 S. Ct. at 2521)). The Commissioner also states that he cannot determine whether Plaintiff owes a qualifying debt until after an EAJA award has been made and that "current systems are capable of paying only one payee" (doc. 15 at 2 n.2 & n.3). Accordingly, the Commissioner asserts, "the payee must be Plaintiff" (*id.*). Petitioner, however, requests payment of the EAJA fee directly to him, in light of Plaintiff's assignment of the fee (*see* doc. 14 at 7).

As previously noted, the Supreme Court clarified in Ratliff, 130 S. Ct. at 2521, that the EAJA fee is payable to Plaintiff as the litigant and is subject to an offset of any pre-existing debt owed by Plaintiff to the United States. Moreover, the Commissioner has stated that no mechanism exists for determining whether Plaintiff owes a qualifying debt until after an EAJA award is ordered. The undersigned therefore concludes that the award in this case is properly payable to Plaintiff, as the "prevailing party," not to Petitioner. This conclusion is in line with Ratliff and with other post-Ratliff decisions in this district. *See, e.g.*, Nakas v. Astrue, Case No. 5:09cv358/RS/WCS; Anderson v. Astrue, Case No. 5:09cv282/RS/MD. Thus, the check should simply be made payable to Plaintiff and sent to Petitioner's office so that Plaintiff and Petitioner may mutually implement their fee agreement without this court's involvement. *See* Nakas, docs. 30, 31 (respectively, report and recommendation, issued February 16, 2011, recommending same, and order, issued March 16, 2011, adopting report and recommendation); Anderson, docs. 25, 26 (respectively, report and recommendation, issued February 25, 2011, recommending same, and order, issued March 30, 2011, adopting report and recommendation)); *see also* Young v. Commissioner, No. 3:09cv574/J/MCR, 2010 WL 3043428, at *2 (M.D. Fla. July 30, 2010) ("While Plaintiff's counsel presented a document executed by Plaintiff that purports to assign future EAJA fees, nothing in the record supports a determination that Plaintiff does not currently owe a federal debt. Therefore, the attorney's fees awarded under the EAJA shall be payable directly to Plaintiff.");[3] Preston v. Astrue, No. 3:08cv991/J/TEM, 2010 WL 3522156, at *2 (M.D. Fla. Sep. 8, 2010) ("In light of Ratliff, this Court finds it a better practice to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in

---

[2] In Ratliff, the Court was not required to address whether its decision would have been different if the claimant had assigned her right to the EAJA award directly to her attorney, as Plaintiff has done in the instant case.

[3] As Ratliff was decided on June 14, 2010, the Young case and the case that follows in this Report were both decided after Ratliff.

Case No.: 3:10cv381/LAC/EMT

part, from the EAJA fees award.  The Court leaves it to the discretion of the Commissioner to determine whether to honor Plaintiff's assignment of EAJA fees.")).

Accordingly, it respectfully **RECOMMENDED** that Plaintiff's Motion for Attorney Fees and Costs Under the Equal Access to Justice Act (doc. 14) be **GRANTED** as follows:

> 1. Plaintiff, Carolyn Stromas, shall recover fees ($3425.10) and expenses ($15.00) in the total amount of **$3,440.10**, for time expended and expenses incurred by her counsel in representing her before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA).  The United States forthwith shall issue a check payable directly to Ms. Stromas.  Filing fee costs in the amount of **$350.00** shall also be awarded to Ms. Stromas from the Judgment Fund administered by the United States Treasury.
>
> 2. Ms. Stromas' payments shall be mailed to her in care of her counsel, Nick Anthony Ortiz, of the Soloway Law Firm, 1013 Airport Boulevard, Pensacola, FL 32504.

At Pensacola, Florida, this 21st day of September 2011.

/s/ *Elizabeth M Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (**14**) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).